

NUMBER 13-08-00065-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**VIRGINIA YOUNG,** **Appellant,**

**v.**

**DENNIS L. YOUNG,** **Appellee.**

**On appeal from the 267th District Court of Victoria County, Texas.**

# MEMORANDUM OPINION

**Before Justices Yañez, Garza, and Vela**
**Memorandum Opinion Per Curiam**

Appellant, pro se, was ordered on September 25, 2008, to notify this Court if she retained new counsel by October 30, 2008, and to make arrangements for payment of the clerk's record and notify the Court by October 30, 2008. The order states that no further extensions will be granted and that if appellant fails to comply as ordered, the appeal will be dismissed. The order was sent regular and certified mail return receipt requested to

appellant's last known address. The certified mail was returned unclaimed, but the correspondence sent by regular mail was not returned. Appellant has not filed a response pursuant to the order issued on September 25, 2008.

On September 2, 2008, the Clerk of the Court notified appellant that she was delinquent in remitting a $175.00 filing fee. The Clerk of this Court notified appellant that the appeal was subject to dismissal if the filing fee was not paid within ten days from the date of receipt of the letter. *See* TEX. R. APP. P. 42.3(b), (c). The correspondence was sent regular and certified mail return receipt requested to appellant's last known address. The certified mail was returned unclaimed, but the correspondence sent by regular mail was not returned.

Appellant has not provided this court with a forwarding address. Texas Rule of Appellate Procedure 9.1(b) requires unrepresented parties to sign any document filed and "give the party's mailing address, telephone number, and fax number, if any." *See id.* 9.1(b).

Rule 42.3 permits an appellate court, on its own initiative after giving ten days' notice to all parties, to dismiss the appeal for want of prosecution or for failure to comply with a requirement of the appellate rules. *See id.* 42.3(b), (c). Rule 2 authorizes an appellate court to suspend a rule's operation in a particular case to expedite a decision. *See id.* 2. Given the length of inactivity in this appeal and this court's inability to give effective notice to appellant during the period of inactivity, we suspend Rule 42.3's requirement of ten days' notice to all parties, and dismiss the appeal on our own motion. *See id.* 42.3(b), (c).

Appellant has failed to respond to this Court's order and has failed to pay the filing fee.

Accordingly, the appeal is DISMISSED FOR WANT OF PROSECUTION. *See* TEX. R. APP. P. 38.8(a), 42.3(b).

PER CURIAM

Memorandum Opinion delivered and
filed this the 4th day of December, 2008.